*484
 
 Nash, C. J.
 

 The doctrine of experts has no application to the case; the question was not one of skill or science, but simply of vision and as to that, the jury might or might not be able to decide as well as the witness; that would, in some degree, depend on the excellence of their eye-sight: at any rate, it cannot be error in law to prove to a jury that which they might arrive at, unassisted by the witness.
 

 But there was was one part of the witnesses testimony, important on the trial, and which the jury could not know without testimony. It appears, from the case, that the witness had seen the note before, and its then situation as to the scratches was certainly a relevant inquiry. Suppose, at that time, instead of being scratched, it had then been entirely free from them, that fact would have been very important to the plaintiff. The charge is, that although the signature was genuine, yet that some matter had been written above it, which had been erased or scratched out, and the obligatory part written on the paper, so that the appearance, when first seen, would have been very material to the plaintiff. Its previous condition, as corresponding with its appearance was important to the defence. More espe-pecially as the witness stated that when he first saw it, the light Was better, and he saw it more distinctly than when giving his evidence; and this surely had a tendency to aid the jury, in the dim light with which they were provided, when viewing the instrument themselves.
 

 Judgment affirmed.